FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 29 2019 ★
BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JAMEK WRIGHT,

              *Plaintiff*,

    v.

New York City Dep't of Correction,
Warden JANE WALKER, Asst. Dep. of
Sec. CARTER, Warden JANE SHAQIRA,
and Sec. Intake Capt. JOHN MITCHELL,

              *Defendants*.
---------------------------------X

**MEMORANDUM AND ORDER**

19-CV-2438(KAM)(SMG)

**MATSUMOTO, United States District Judge:**

On April 22, 2019, *pro se* plaintiff Jamek Wright ("Plaintiff") — then incarcerated at the Otis Bantum Correctional Facility in East Elmhurst, New York — filed this § 1983 action against the New York City Department of Correction ("DOC") and Warden Kissa Smalls, Warden Walker ("Walker"), Deputy Warden Caputo, Captain Shivraj, and Assistant Deputy of Security Carter ("Carter"), alleging that these defendants negligently failed to protect him from being assaulted by another inmate on November 23, 2018. (ECF No. 1, Complaint ("Compl.").) By Memorandum and Order dated May 16, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*, dismissed Plaintiff's complaint for failure to state a claim on which relief may be granted, and granted Plaintiff leave to file

1

an amended complaint within 30 days. (ECF No. 7, Memorandum and Order ("Mem. & Order").)

On June 17, 2019, Plaintiff – then incarcerated at the Downstate Correctional Facility in Fishkill, New York – filed an amended complaint against the DOC and a slightly different group of individual defendants, including Walker, Carter, Warden Jane Shaqira ("Shaqira"), and Captain John Mitchell ("Mitchell") (collectively, "Defendants"). (ECF No. 8, Amended Complaint ("Am. Compl.").) For the reasons set forth below, however, Plaintiff's amended complaint is also deficient. The Court therefore dismisses Plaintiff's amended complaint for failure to state a claim on which relief may be granted and grants him an opportunity to file a second amended complaint consistent with this and the previous Memorandum and Order.

## Background

Plaintiff's initial complaint primarily challenged the DOC's alleged negligence in failing to protect him from an assault which occurred on November 23, 2018. (*See generally* Compl.) As a result of this assault, Plaintiff reportedly sustained injuries to his foot, requiring him to use crutches for some time. (*Id.*) Plaintiff's amended complaint, however, does not reallege or add any specific facts regarding the

November 23, 2018 assault from which this action arises. (*See generally* Am. Compl.) Instead, the amended complaint eliminates the allegations regarding Defendants' failure to protect him from assault and instead picks up the day after and focuses on the DOC's alleged negligence in failing to properly address the injuries Plaintiff sustained during the alleged assault and prevent any further injuries. (*Id.*)

Plaintiff's amended complaint begins with the bare allegation that "[due] to D.O.C.S./Riker Island negligence[,] [he is] walking with a limp and cane." (*Id.* at 4.) This appears to be a reference to Plaintiff's initial allegations that the DOC failed to prevent his assault by another inmate. Plaintiff then details what he believes to be the DOC's negligence in failing to properly address the injuries he sustained in the November 23, 2018 attack.

Specifically, Plaintiff notes that since November 24, 2018 – the day after the alleged assault – he has only visited a podiatrist on one occasion. (*Id.*) This is because the "[George R. Vierno Center in Riker's Island, where Plaintiff was then incarcerated,] continued to deny [him] podiatry call-outs/follow-ups . . . by saying [that Plaintiff] refused [such appointments] countless . . . times," "[e]ven going as far as

3

forging [his] signature" on unspecified documents. (*Id.* at 3.) Plaintiff cites the denials of call-outs/follow-ups as occurring between January 4, 2019 and January 20, 2019. (*Id.*) Plaintiff also complains that Defendants negligently placed him in a position where he was required to take stairs while on crutches, resulting in further harm. (*Id.* at 4.)

Plaintiff claims that "[he has] spoken to [Captain Stevens and Captain Carter]" about these issues, "who to the best of their ability [tried] to make [Plaintiff's] appointments primary to the C.O.s." (*Id.*) Plaintiff does not, however, allege specific actions taken by any other individuals in connection with the foregoing allegations. (*Id.*)

Plaintiff also makes the conclusory allegation that he was "denied [his] religious services" without providing any further details. (*Id.* at 5.)

As relief, Plaintiff seeks $20,000 for "physical and mental injuries/trauma." (*Id.*)

### Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F. 3d 197, 200 (2d Cir. 2004). Although liberally interpreted, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, where a prisoner brings a civil complaint against a governmental entity or its agents, the court must screen the complaint and dismiss any portion of it that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b). The court must dismiss the action as soon as it makes such a determination. *Id.* § 1915A(a).

5

## Discussion

Plaintiff brings his action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show (1) that some person deprived him of a federal right and (2) that the person depriving him of that right acted under color of state law. *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005). This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). A § 1983 complaint that does not allege the personal involvement of a defendant thus fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

### I. Department of Correction

Despite the Court's prior Memorandum and Order dismissing Plaintiff's claims against the DOC as a non-suable entity, Plaintiff again names the DOC as a defendant. The New York City Charter states that all actions for the recovery of penalties "shall be brought in the name of the city of New York and not in that of any agency." N.Y.C. Charter Ch. 17, § 396

(emphasis added). Courts construe this provision to mean that *departments* of New York City - in contrast to the City itself - lack the capacity to be sued. *See, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Johnson v. Dohry*, 660 F. App'x 69, 72 (2d Cir. 2016) ("[Plaintiff's] claims against DOC were correctly dismissed because, as a city agency, it is not a suable entity."). Plaintiff's allegations against the DOC thus fail to state a claim upon which relief may be granted and must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**II. Personal Involvement**

Plaintiff names Carter, Walker, Shaqira, and Mitchell as individual defendants. (Am. Compl. at 1-3.) Although it is well settled that personal involvement is a prerequisite to an award of damages under § 1983, *Farid*, 593 F.3d at 249 (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013), Plaintiff fails to make any allegations against Walker, Shaqira, or Mitchell. Nor can the Court infer that any of these defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights based on the allegations in the amended complaint.

As with his initial complaint, Plaintiff relies exclusively on generic allegations that are insufficient to establish personal involvement. For instance, Plaintiff alleges

7

that "*D.O.C./Defendants* denied me all of my podiatrist follow-ups." (Am. Compl. at 4 (emphasis added).) But Plaintiff cannot rely on this sort of generalized allegation that "defendants" violated his rights to establish personal involvement. *Blackson v. City of New York*, No. 14-CV-452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where plaintiff made "no specific allegations" about defendants' conduct apart from naming them as defendants). Nor can Plaintiff sue these individuals solely by virtue of their supervisory positions. *Iqbal*, 556 U.S. at 676; *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (*per curiam*) (finding "mere linkage in the prison chain of command" insufficient to implicate a supervisory officer in a § 1983 action (internal quotation marks omitted)); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority). Plaintiff's amended complaint therefore fails to state a claim against Walker, Shaqira, and Mitchell.

**III. Negligence**

Plaintiff's amended complaint does make allegations regarding two individuals – (1) Captain Stevens, who is not named as a defendant in this action; and (2) Captain Carter, who is a defendant in this action. The Court therefore considers whether Plaintiff's claims against Carter may proceed based on

the allegations in the amended complaint. The Court concludes that the claims against Carter may not proceed.

Plaintiff expressly states that Defendants were *negligent* in allegedly violating his constitutional rights. As the Court cautioned in its prior Memorandum and Order, allegations of negligence against state officials do not rise to the level of a constitutional violation under the Eighth or Fourteenth Amendments which, although not alleged herein, would likely form the basis of an allegation for wrongful denial of medical treatment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

Plaintiff has not stated any facts from which the Court could infer any liability on Carter's behalf beyond negligence. If anything, the amended complaint has the opposite effect, stating that Carter "to the best of [his] ability tried to [schedule Plaintiff's] appointments." The Court thus cannot conclude that Plaintiff's allegations against Carter state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, Plaintiff's amended complaint is dismissed *sua sponte* without prejudice for failure

9

to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Given Plaintiff's *pro se* status, however, the Court will provide Plaintiff with an opportunity to file a second amended complaint.

Plaintiff is reminded to comply with both this Memorandum and Order and the Court's prior Memorandum and Order, which set forth the specific requirements necessary to state a claim to relief that is plausible on its face. The second amended complaint shall be entitled "Second Amended Complaint" and it will replace all prior complaints filed in this action by Plaintiff. Thus, Plaintiff must allege all facts in support of his claims against each named defendant.

As a final matter, the Court notes that Plaintiff has three pending actions which all arise at least in part from the alleged November 23, 2018 assault and the subsequent alleged failure to provide adequate medical treatment and accommodations. Plaintiff's current pending actions are filed under docket numbers 19-cv-2438, 19-cv-3179, and 19-cv-4250. The Court finds that it would be a more efficient use of judicial resources for Plaintiff to proceed in a single action – doing so would avoid duplicative litigation and confusion, and would promote the expeditious resolution of Plaintiff's claims. The Court therefore encourages Plaintiff to voluntarily dismiss the second and third pending actions, filed under docket numbers

19-cv-3179 and 19-cv-4250, and to amend his complaint in the action with the lowest docket number, 19-cv-2438, to comprehensively name all appropriate parties as defendants and set forth all facts relevant to the allegations raised in Plaintiff's other complaints. If Plaintiff elects not to proceed in this manner, and to instead maintain three separate actions, he is cautioned that he should not allege the same claims arising from the same facts in each of his actions. Instead, each separate action must state sufficient facts to support each of the claims alleged.

The Clerk of Court is respectfully directed to mail a form civil rights complaint to Plaintiff, a copy of the Court's prior Memorandum and Order, and a copy of this Memorandum and Order to Plaintiff and to note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
October 28, 2019

/s/ USDJ KIYO A. MATSUMOTO
_____
Hon. Kiyo A. Matsumoto
United States District Judge

11